**NAGEL RICE, LLP**
**103 Eisenhower Parkway**
**Roseland, New Jersey 07068**
**973-618-0400**
**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JANE DOE, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| MARK GOERLITZ and ROBERT CUSTODIA, | ) | |
| | ) | |
| Defendants. | ) | DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW COMES the Plaintiff, JANE DOE ("Plaintiff"), by and through her attorneys,

Mudd Law Offices and Nagel Rice LLP, and complains of the Defendants, MARK GOERLITZ

("Defendant Goerlitz"), a citizen and resident of Illinois, and ROBERT CUSTODIA

("Defendant Custodia"), a citizen and resident of California, upon personal information as to her

own activities and upon information and belief as to the activities of others and all other matters,

and states as follows:

### NATURE OF ACTION

1.      This is an action against Defendants Custodia and Goerlitz for copyright

infringement, violation of Plaintiff's right to privacy, and related claims arising from the

Defendants' online activities designed to harm Plaintiff.

2.      By this action, Plaintiff seeks compensatory damages, punitive damages, statutory

damages, attorney's fees and costs, and all other relief to which Plaintiff may be entitled as a

matter of law and as deemed appropriate by this Court.

1

**PARTIES**

3.      JANE DOE is a citizen and resident of Wall, New Jersey. Due to the nature of the allegations, and the sensitive matters involved herein, the pseudonym JANE DOE is utilized to protect Plaintiff from further harm.

4.      MARK GOERLITZ is a citizen and resident of Woodstock, Illinois.

5.      ROBERT CUSTODIA is a citizen and resident of Wilton, California.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the subject matter of Plaintiff's federal statutory claims pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction over the subject matter of Plaintiff's federal claims pursuant to 18 U.S.C. § 2510 and 18 U.S.C. § 1030.  This Court has supplemental jurisdiction over the subject matter of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.      This Court has jurisdiction over Defendant Goerlitz because (a) he engaged in substantial electronic and telephonic communications with Plaintiff knowing her to reside in New Jersey; (b) he took photographs of Plaintiff in New Jersey; (c) he traveled to New Jersey for business purposes; (d) he visited with Plaintiff in New Jersey; (e) he sent several letters and other communications to Plaintiff at her New Jersey address using the United States Postal Service; (f) he engaged in activities targeted to, and that had effects in, New Jersey; and, (g) he intended to harm Plaintiff in New Jersey.

8.      Additionally, upon information and belief, Defendant Goerlitz traveled to New Jersey on a number of occasions for business and personal reasons.

9.      Defendant Goerlitz is subject to both general and specific jurisdiction in the State of New Jersey.

2

10.     This Court has jurisdiction over Defendant Custodia because (a) he engaged in substantial electronic and telephonic communications with Plaintiff knowing her to reside in New Jersey; (b) he impersonated Plaintiff and, in doing so, purported to be from New Jersey; (c) he communicated with others, particularly Defendant Goerlitz, and claimed to be in New Jersey; (d) he sent communications and gifts to Plaintiff at her New Jersey address using the United States Postal Service; (e) he engaged in activities targeted to, and that had effects in, New Jersey; and, (f) he intended to harm Plaintiff in New Jersey.

11.     Defendant Custodia is subject to specific jurisdiction in the State of New Jersey.

12.     Upon information and belief, Defendant Custodia may also be subject to general jurisdiction in the State of New Jersey.

13.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred with this judicial district.

14.     An actual case or controversy has arisen between Plaintiff and both Defendant Goerlitz and Defendant Custodia.

15.     The Defendants have violated federal statutes, infringed Plaintiff's copyright, violated Plaintiff's right to privacy, and have engaged in other wrongful conduct.

16.     Plaintiff has been injured by Defendants' conduct and has suffered damages resulting therefrom.

17.     Jurisdiction of this court for the pendent claims is authorized by Federal Rule of Civil Procedure 18(a) and arises under the doctrine of pendent jurisdiction.

## FACTUAL BACKGROUND

### The Relationship with Defendant Goerlitz

18.     In or around September 2002, Plaintiff first met Defendant Goerlitz in an online chat room on Yahoo! Message Groups.

19.     Plaintiff and Defendant Goerlitz communicated with one another electronically for the remainder of 2002.

20.     In 2003, Plaintiff had less online contact with Defendant Goerlitz.

21.     In or around February 2004, Plaintiff and Defendant Goerlitz had one intimate encounter when Defendant Goerlitz visited Plaintiff in New Jersey.

22.     Prior to February 2004, Defendant Goerlitz and Plaintiff had not had an intimate encounter.  They have not been intimate with one another since the single time in 2004.

23.     In or around September 2004, Plaintiff cut off all contact with Defendant Goerlitz.

24.     Plaintiff subsequently ceased use of all Yahoo! Message Groups and other online chat groups.

### The Harassment by Defendant Goerlitz

25.     Defendant Goerlitz became upset that Plaintiff ceased her communications with him and her online activities.  Because of this, he began to harass her.

26.     Defendant Goerlitz began continuously calling Plaintiff's home and cell phone numbers.

27.     Defendant Goerlitz also sent numerous harassing and unwelcome letters to Plaintiff at her home address.

28.     Plaintiff never responded to these phone calls or letters.  In fact, she would return the letters to Defendant Goerlitz when she received them.

4

29.     Despite Plaintiff's efforts to ignore Defendant Goerlitz, he continued to contact her.

30.     When Defendant Goerlitz called Plaintiff, she would hang up the phone, not answer, or answer and tell him to stop calling her.

31.     Because of Defendant Goerlitz's conduct, Plaintiff changed her cell and home telephone numbers to unlisted numbers.

32.     During the summers of 2002 through 2006, Plaintiff spent her summers on the Jersey Shore at the beach.

33.     During the summer of 2006, Defendant Goerlitz suddenly appeared, uninvited, at the exact avenue where Plaintiff spends her time at the beach.  He then approached her.

34.     Upon seeing Defendant Goerlitz, Plaintiff explained to him that their relationship was over and that she had moved on with her life.

35.     Defendant Goerlitz did not accept Plaintiff's protestations and kept insisting that the two of them could remain friends.

36.     Although Plaintiff repeatedly told Defendant Goerlitz that there existed no friendship between them; that she did not want to be his friend; that she did not want to talk to him; and that she did not want any contact with him, he continued to harass and intimidate her.

37.     During his trip to New Jersey, Defendant Goerlitz surreptitiously took one or more photographs of Plaintiff without her knowledge and without her authorization.  He has since published at least one of these photographs online.

38.     In March 2007, Defendant Goerlitz spontaneously contacted Ms Doe's brother and informed him that someone online had been pretending to be Plaintiff.

39.     Upon learning of Defendant Goerlitz's communications with her brother, Plaintiff called Defendant Goerlitz and sternly told him to stay away from and stop calling her and her family.

40.     In March 2007, Defendant Goerlitz also began sending postcards to Plaintiff's home address where she resides with her minor children.

41.     The postcards contained a photo of Plaintiff and Defendant Goerlitz on the front with malicious, embarrassing, and offensive comments on the back.

42.     Plaintiff's son found the first postcard.

### The Website Hosted by Defendant Goerlitz

43.     In July 2007, Plaintiff discovered a website Defendant Goerlitz created and published at www.baverdage.com/truthbetold ("Offending Website").   This Offending Website publicly displayed unauthorized photographs of Plaintiff.

44.     Plaintiff owns a copyright on at least one of the photographs Defendant Goerlitz published on the Offending Website ("Copyrighted Photograph").

45.     Additional photographs on the Offending Website showed Plaintiff on the Jersey Shore beach ("Private Photographs").

46.     Through the Offending Website, Defendant Goerlitz made malicious, embarrassing, and extremely offensive statements about Plaintiff.

47.     Defendant Goerlitz made many malicious, embarrassing statements regarding Plaintiff including, but not limited to, comments about her sexual conduct, online conduct, erotic writings, sex life, and other extremely offensive statements about her ("Prurient Communications").

6

48.     Through the Offending Website, Defendant Goerlitz also informed viewers exactly where to find Plaintiff on the Jersey Shore beach, including providing a hyperlink to the location of the beach on a map.

49.     The Offending Website went offline on July 29, 2007.

50.     However, since the Offending Website went offline, a Google search of Plaintiff's name will produce a multitude of search results that link to pornography websites and that could download viruses to an individual's computer.

51.     Defendant Goerlitz has since ceased to harass, stalk, or attempt to communicate with Plaintiff.

## The Defendant Custodia Accounts

52.     In 2000, Defendant Custodia created the Yahoo! account and username "good4younowandlater."

53.     In 2002, Defendant Custodia created the Yahoo! account and username "bubbas_brother_69."

54.     On October 5, 2002, Defendant Custodia created the Paltalk account and username "bubbasbrother."

55.     In creating the "bubbasbrother" account and username, Defendant Custodia provided his bubbas_brother_69@yahoo.com email address.

56.     On January 5, 2003, Defendant Custodia created the Paltalk account and username "flatlined_again."

57.     In creating the "flatlined_again" account and username, Defendant Custodia provided his good4younowandlater@yahoo.com email address.

58.     On January 22, 2003, Defendant Custodia created a Paltalk account and username "Silver_Girl xo".

59.     In creating the "Silver_Girl xo" account and username, Defendant Custodia provided his good4younowandlater@yahoo.com email address.

60.     On December 19 and 28 of 2007 and January 28, 2008, Defendant Custodia logged into his "bubbas_brother_69" Yahoo! account.

61.     On January 28, 2008, Defendant Custodia logged into his "good4younowandlater" Yahoo! account.

### Defendant Custodia's Relationship with Plaintiff

62.     In 2002, Plaintiff met Defendant Custodia online.

63.     Defendant Custodia identified himself as "Casey" when he first met Plaintiff online.

64.     Plaintiff communicated with Defendant Custodia through the bubbas_brother_69@yahoo.com email address.

65.     Defendant Custodia also used the "bubbasbrother" and "flatlined_again" Paltalk usernames to communicate with Plaintiff.

66.     Plaintiff and Defendant Custodia communicated with one another electronically through the Internet.

67.     Eventually, Plaintiff ceased online communications with Defendant Custodia.

### Defendant Custodia's Wrongful Conduct

68.     In January 2007, unbeknownst to Plaintiff, Defendant Custodia communicated directly with Defendant Goerlitz using the "Silver_Girl xo" Paltalk account.  In doing so, he represented himself to be Plaintiff.

69.    Defendant Custodia impersonated Plaintiff.

70.    Defendant Custodia represented himself to be Plaintiff and thereby impersonated her on several occasions.

71.    Defendant Custodia impersonated Plaintiff on a number of occasions including, but not limited to, purporting to be Plaintiff while communicating electronically with individuals.

72.    In January 2007, Defendant Custodia, purporting to be Plaintiff, sent personal photographs of Plaintiff to Defendant Goerlitz.

73.    In January 2007, Defendant Custodia, purporting to be Plaintiff, informed Defendant Goerlitz that he possessed personal photographs and videos of Plaintiff.

74.    In March 2007, without identifying his true identity, Defendant Custodia informed Defendant Goerlitz that he, as "Silver_Girl xo", was not Plaintiff.

75.    Again, Defendant Custodia represented that he possessed hundreds of pictures and also "no less than 600 hours" of videos.

76.    In March 2007, Defendant Custodia indicated that he intended to obtain retribution on Plaintiff and also threatened what might occur if the pictures and videos found there way to the "appropriate hands."

77.    In April 2007, Defendant Custodia suggested to Defendant Goerlitz that he intended to make "[Plaintiff] feel the pain she has caused."

78.    In April 2007, Defendant Custodia suggested to Defendant Goerlitz that he intended to either reveal private facts about or defame Plaintiff to those with whom she happens to be close.

79.    In May 2007, Defendant Custodia stated to Defendant Goerlitz that he "won't involve [Plaintiff's] kids with what [he] plan[s] to do."

80.   In his communications with Defendant Goerlitz, Defendant Custodia made false statements about his relationship with Plaintiff.

81.   Upon information and belief, Defendant Custodia has distributed personal photographs of Plaintiff to other third parties.

82.   Plaintiff learned of and confirmed Defendant Custodia engaged in the foregoing conduct on March 31, 2008.

### The Harm

83.   Plaintiff has suffered, and continues to suffer, harm arising from the foregoing wrongful conduct by Defendants Custodia and Goerlitz.

84.   Plaintiff has suffered, and continues to suffer, harm arising from Defendant Goerlitz's harassment and stalking of her.

85.   The unauthorized publication of the Private Photographs and Offending Website by Defendant Goerlitz has affected Plaintiff's private life and the manner in which she is viewed among family, friends, and colleagues.

86.   The wrongful impersonation of her by Defendant Custodia has affected Plaintiff's private life, violated her privacy, caused her distress, and caused her to be concerned about Defendant Custodia's future conduct.

87.   The threats made by Defendant Custodia have caused Plaintiff to be concerned about her well-being and the well-being of those close to her.

88.   The wrongful conduct by Defendants Custodia and Goerlitz has caused Plaintiff to suffer and continue to suffer from humiliation, embarrassment, and emotional distress.

89.   The wrongful conduct by Defendants Custodia and Goerlitz has traumatized Plaintiff.

10

## COUNT ONE

## AND AS FOR A FIRST CAUSE OF ACTION

## AGAINST DEFENDANT GOERLITZ

## COPYRIGHT INFRINGEMENT

90.     Plaintiff hereby incorporates by reference paragraphs 1 through 89 above in this First Count as though fully set forth herein.

91.     Plaintiff is, and at all relevant times has been, the copyright owner of the photograph Defendant Goerlitz posted on the Internet ("Copyrighted Photograph") without authorization.

92.     The Copyrighted Photograph was registered on August 31, 2007 with the United States Copyright Office.

93.     Among the rights granted to Plaintiff under the Copyright Act. Plaintiff holds the exclusive rights to reproduce and to distribute the Copyrighted Photograph to the public.

94.     Defendant Goerlitz, without Plaintiff's permission or consent, has used the Copyrighted Photograph without Plaintiff's permission or consent.

95.     In doing so, Defendant Goerlitz has violated Plaintiff's exclusive rights of reproduction and distribution.

96.     Defendant Goerlitz's action constitutes infringement of Plaintiff's copyright and the exclusive rights arising thereunder.

97.     The foregoing acts of infringement have been willful and intentional, in complete disregard of and with indifference to Plaintiff's rights.

98.    As a result of Defendant Goerlitz's infringement of Plaintiff's Copyrighted Photograph, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).  Ms Doe is further entitled to her attorney's fees and costs pursuant to 17 U.S.C. § 505.

99.    Unless enjoined and restrained by this Court, Defendant Goerlitz will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in monetary terms.  As such, Plaintiff has no adequate remedy at law for the harm caused by Defendant Goerlitz's future conduct.

100.    Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant Goerlitz from further acts that would infringe Plaintiff's copyright and ordering him to destroy all copies of the Copyrighted Photograph.

101.    WHEREFORE, Plaintiff seeks recovery of statutory damages, exemplary damages, attorney's fees and costs, and injunctive relief resulting from Defendant Goerlitz's copyright infringement.

<u>**COUNT TWO**</u>

<u>**AND AS FOR A SECOND CAUSE OF ACTION**</u>

<u>**AGAINST DEFENDANT GOERLITZ**</u>

<u>**FALSE LIGHT**</u>

102.    Plaintiff hereby incorporates by reference paragraphs 1 through 89 above in this Second Count as if fully set forth herein.

103.    Defendant Goerlitz has placed Plaintiff in a false light before the public as a result of his actions including, but not limited to, creating and publishing the Offending Website, the Private Photographs, and the Prurient Communications.

104.    Defendant Goerlitz published the Private Photographs and Prurient Communications to a worldwide audience on the Internet.

105.    The Private Photographs and Prurient Communications falsely characterized Plaintiff as being unchaste and other related qualities thereby placing her in a false light.

106.    The false light in which Defendant Goerlitz placed Plaintiff would be and is highly offensive to a reasonable person.

107.    Because Defendant Goerlitz specifically named Plaintiff in the Private Photographs and Prurient Communications, persons other than Plaintiff and Defendant Goerlitz would have and actually have reasonably understood that the Private Photographs and Prurient Communications were about and relate to Plaintiff.

108.    In placing Plaintiff in a false light, Defendant Goerlitz acted with actual malice and had knowledge of the effect these statements would have on Plaintiff's reputation.

109.    If Defendant Goerlitz has not acted with actual malice, he acted with reckless disregard as to the effect these statements would have on Plaintiff's reputation.

110.    Plaintiff suffered and continues to suffer damages as a result of being placed in false light including, but not limited to, harmed reputation, embarrassment, invasion of her privacy, mental anguish, trauma and emotional distress.

111.    WHEREFORE, Plaintiff seeks recovery of general compensatory and punitive damages resulting from Defendant Goerlitz placing her in a false light.

## COUNT THREE

## AND AS FOR A THIRD CAUSE OF ACTION

## AGAINST DEFENDANT GOERLITZ

## PUBLIC DISCLOSURE OF PRIVATE FACTS

112.   Plaintiff hereby incorporates by reference paragraphs 1 through 89 above in this Third Count as though fully set forth herein.

113.   By publishing the Private Photographs and Prurient Communications to the Offending Website, Defendant Goerlitz disclosed private facts regarding Plaintiff without her authorization.

114.   Upon information and belief, Defendant Goerlitz facilitated the disclosure of the Private Photographs and Prurient Communications (and the private facts contained therein) to additional, multiple Internet websites.

115.   Upon information and belief, Defendant Goerlitz has disclosed private facts regarding Plaintiff to additional third parties.

116.   These private facts concerned the private, intimate life of Plaintiff and her private, intimate activities.

117.   The public disclosure of these private facts represents an intrusion upon the privacy of Plaintiff that is objectionable and highly offensive to a reasonable person.

118.   The Private Photographs, Prurient Communications, and the private facts contained therein were not of any legitimate public concern.

119.   Plaintiff's personal images were not of legitimate public concern.

120.   The public disclosure of Plaintiff's private facts has caused and continues to cause Plaintiff to suffer harm including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of her privacy, mental anguish, trauma and emotional distress.

121.   WHEREFORE, Plaintiff seeks recovery of general compensatory and punitive damages resulting from Defendant Goerlitz' public disclosure of Plaintiff's private facts.

## COUNT FOUR

14

## AND AS FOR A FOURTH CAUSE OF ACTION

## AGAINST DEFENDANT GOERLITZ

## INTRUSION UPON SECLUSION

122.     Plaintiff hereby incorporates by reference paragraphs 1 through 89 above in this Fourth Count as though fully set forth herein.

123.     Defendant Goerlitz made unauthorized intrusions upon Plaintiff's privacy and seclusion when he took unauthorized, surreptitious photographs of Plaintiff at the beach, and when he posted and/or published the Private Photographs and Prurient Communications.

124.     The unauthorized intrusions upon Plaintiff's privacy and seclusion in which Defendant Goerlitz engaged would be and are highly offensive and/or highly objectionable to a reasonable person.

125.     Plaintiff's personal images, the nature of the personal images, and the content of the Private Photographs and Prurient Communications all constituted and still constitute private matters upon which Defendant Goerlitz intruded.

126.     In making such intrusions upon Plaintiff's seclusion, Defendant Goerlitz acted with actual malice.

127.     Defendant Goerlitz's intrusions upon Plaintiff's seclusion caused and continue to cause Plaintiff a great deal of anguish and suffering.  Moreover, the uncertainty of the extent of the intrusions continues to cause Plaintiff a great deal of anguish and suffering.

128.     Plaintiff has suffered and continues to suffer damages as a result of Defendant Goerlitz's intrusions upon her seclusion including, but not limited to, harmed reputation, embarrassment, invasion of her privacy, mental anguish, trauma and emotional distress.

129.    WHEREFORE, Plaintiff seeks recovery of general compensatory and punitive damages resulting from Defendant Goerlitz's intrusions upon her seclusion.

## COUNT FIVE

## AND AS FOR A FIFTH CAUSE OF ACTION

## AGAINST DEFENDANT GOERLITZ

## STALKING AND HARASSMENT

130.    Plaintiff hereby incorporates by reference paragraphs 1 through 89 above in this Fifth Count as though fully set forth herein.

131.    Defendant Goerlitz knowingly, and without legal justification, on at least two separate occasions, followed Plaintiff and placed her under surveillance when she was at the beach in New Jersey.

132.    Defendant Goerlitz surreptitiously stalked Plaintiff at the beach in New Jersey and took unauthorized photographs of her.

133.    Defendant Goerlitz intimidated Plaintiff by sending her malicious and offensive letters and postcards, continuously calling her home and cell phones, and contacting her in person at the beach in New Jersey.

134.    Further, Defendant Goerlitz exposed Plaintiff to hatred, contempt and ridicule by sending her letters and postcards, continuously calling her home and cell phones, contacting her in person at the beach in New Jersey, and creating and publishing the Offending Website.

135.    Beginning in or around September 2004 and continuing for years, Defendant Goerlitz made repeated harassing and intimidating telephone calls to Plaintiff; sent malicious, embarrassing, and offending letters and postcards to her home address; called her home and cell phones; called members of her family; contacted Plaintiff in person when she was at the beach;

16

and, created and published the Offending Website, thereby placing Plaintiff in fear of being exposed to hatred, contempt, or ridicule.

136.    Beginning in or around September 2004 and continuing for years, Defendant Goerlitz began a pattern of stalking and harassing Plaintiff on a continual basis that included sending malicious, embarrassing, and offending letters and postcards to her home address; calling her home and cellular phones; calling members of her family; contacting Plaintiff in person when she was at the beach; and, creating and publishing the Offending Website.

137.    Defendant Goerlitz intended to alarm and/or seriously annoy Plaintiff.

138.    The foregoing conduct in which Defendant Goerlitz engaged caused Plaintiff to be in fear of being exposed to hatred, contempt or ridicule, and placed Plaintiff in reasonable apprehension of immediate or future bodily harm, assault, confinement or restraint.

139.    This conduct violates the New Jersey Anti-Stalking Statute, N.J. Stat. § 2C:12-10.

140.    This conduct violates the New Jersey Harassment Statute, N.J. Stat. § 2C:33-4c.

141.    New Jersey public policy prohibits the conduct in which Defendant Goerlitz engaged.

142.    As a direct and proximate result of Defendant Goerlitz's foregoing conduct, Plaintiff has suffered and continues to suffer damages.

143.    Plaintiff's injuries and damages from Defendant Goerlitz's stalking and harassing conduct are of a continuing and ongoing nature, and are presently incapable of a fully accurate compilation and ascertainment.

144.    WHEREFORE, Plaintiff seeks recovery of general compensatory damages, punitive damages, attorney's fees and costs, and injunctive relief resulting from Defendant Goerlitz stalking and harassing her.

## COUNT SIX

### AND AS FOR A SIXTH CAUSE OF ACTION

### AGAINST DEFENDANT CUSTODIA

### PUBLIC DISCLOSURE OF PRIVATE FACTS

145.    Plaintiff hereby incorporates by reference paragraphs 1 through 89 above in this Sixth Count as though fully set forth herein.

146.    Defendant Custodia disclosed private facts regarding Plaintiff to Defendant Goerlitz without her authorization.

147.    Upon information and belief, Defendant Custodia has disclosed similar private facts regarding Plaintiff to additional third parties.

148.    These private facts concerned the private, intimate life of Plaintiff and her private, intimate activities.

149.    Upon information and belief, Defendant Custodia published private photographs of Plaintiff to Internet websites.

150.    The public disclosure of these private facts represents an intrusion upon the privacy of Plaintiff that is objectionable and highly offensive to a reasonable person.

151.    The private facts disclosed by Defendant Custodia were not of any legitimate public concern.

152.    Plaintiff's personal images were not of legitimate public concern.

153.    The public disclosure of Plaintiff's private facts has caused and continues to cause Plaintiff to suffer harm including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of her privacy, mental anguish, trauma and emotional distress.

154.    WHEREFORE, Plaintiff seeks recovery of general compensatory and punitive

damages resulting from Defendant Custodia's public disclosure of Plaintiff's private facts.

## COUNT SEVEN

## AND AS FOR A SEVENTH CAUSE OF ACTION

## AGAINST DEFENDANT CUSTODIA

## INTRUSION UPON SECLUSION

155.    Plaintiff hereby incorporates by reference paragraphs 1 through 89 above in this

Seventh Count as though fully set forth herein.

156.    Defendant Custodia made unauthorized intrusions upon Plaintiff's privacy and

seclusion when he purported to be Plaintiff for purposes of obtaining private facts about her from

Defendant Goerlitz.

157.    Defendant Custodia made unauthorized intrusions upon Plaintiff's privacy and

seclusion when he purported to be Plaintiff for purposes of obtaining private facts about her

from, upon information and belief, other individuals.

158.    The unauthorized intrusions upon Plaintiff's privacy and seclusion in which

Defendant Custodia engaged would be and are highly offensive and/or highly objectionable to a

reasonable person.

159.    The unauthorized intrusions upon Plaintiff's privacy and seclusion in which

Defendant Custodia engaged are substantial.

160.    Plaintiff's personal relationship with Defendant Goerlitz constituted and still

constitutes private matters upon which Defendant Custodia intruded.

161.    In making such intrusions upon Plaintiff's seclusion, Defendant Custodia acted

with actual malice.

162.   Defendant Custodia's intrusions upon Plaintiff's seclusion caused and continue to cause Plaintiff a great deal of anguish and suffering.  Moreover, the uncertainty of the extent of the intrusions continues to cause Plaintiff a great deal of anguish and suffering.

163.   Plaintiff has suffered and continues to suffer damages as a result of Defendant Custodia's intrusions upon her seclusion including, but not limited to, harmed reputation, embarrassment, invasion of her privacy, mental anguish, trauma and emotional distress.

164.   WHEREFORE, Plaintiff seeks recovery of general compensatory and punitive damages resulting from Defendant Custodia's intrusions upon her seclusion.

## COUNT EIGHT

## AND AS FOR A EIGHTH CAUSE OF ACTION

## AGAINST DEFENDANT CUSTODIA

## VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT

## (18 U.S.C. § 2510 et seq.)

165.   The allegations in Paragraphs 1 through 89 above are incorporated by reference in this Eighth Count as though fully restated herein.

166.   Defendant Custodia used his computer to create an electronic account through which he purported to be the Plaintiff.

167.   Defendant Custodia used his computer to communicate with third parties purporting to be the Plaintiff.

168.   By creating an electronic account through which he purported to be Plaintiff and by communicating with third parties using such account purporting to be Plaintiff, Defendant Custodia received electronic communications intended for Plaintiff.

169.   Defendant Custodia intentionally used an electronic device to acquire the contents of electronic communications intended for the Plaintiff.

170.   Defendant Custodia intentionally intercepted communications intended for Plaintiff.

171.   Defendant Custodia intentionally intercepted communications intended for Plaintiff each time he received a communication intended for the Plaintiff.

172.   Upon information and belief, Defendant Custodia intentionally intercepted communications intended for Plaintiff on many occasions.

173.   Defendant Custodia intentionally used the intercepted communications intended

for Plaintiff knowing them to have been intercepted.

174.   Defendant Custodia intentionally used the intercepted communications intended for Plaintiff knowing them to have been intercepted to harm the Plaintiff.

175.   Upon information and belief, Defendant Custodia disclosed the intercepted communications to third parties.

176.   As a direct and proximate result of the foregoing conduct of Defendant Custodia, Plaintiff has suffered and continues to suffer damages.

177.   Plaintiff has suffered and continues to suffer damages including, but not limited to, invasion of her privacy and the costs and expenses of pursuing his remedies.

178.   By engaging in the foregoing conduct, Defendant Custodia violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, et seq.

179.   Defendant Custodia violated the ECPA on more than one day.  In particular, upon information and belief, Defendant Custodia violated the ECPA for each day that he accessed the account used to impersonate the Plaintiff.

180.   WHEREFORE, Plaintiff seeks recovery of:

A.   The greater of actual or statutory damages as provided for pursuant to 18 U.S.C. § 2520 (b)(2) and (c)(2);

B.   Punitive damages pursuant to 18 U.S.C. § 2520 (b)(2);

C.   Reasonable attorney's fees and costs reasonably incurred pursuant to 18 U.S.C. § 2520(b)(3); and,

D.   Equitable relief pursuant to 18 U.S.C. § 2520 (b)(1).

## COUNT NINE

## AND AS FOR A NINTH CAUSE OF ACTION

## AGAINST DEFENDANT CUSTODIA

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

## (18 U.S.C. § 1030)

181.    The allegations in Paragraphs 1 through 89 above are incorporated by reference in this Ninth Count as though fully restated herein.

182.    Defendant Custodia created at least one electronic account through which he impersonated the Plaintiff.

183.    Defendant Custodia used Paltalk and Yahoo! accounts in his impersonation of Plaintiff.

184.    By impersonating the Plaintiff, Defendant Custodia engaged in fraud.

185.    By impersonating the Plaintiff, Defendant Custodia violated the Terms of Service for Paltalk and Yahoo!

186.    The computers used by Paltalk and Yahoo! are used in interstate and foreign commerce and communication.

187.    The computers used by Paltalk and Yahoo! are protected computers as defined by 18 U.S.C. § 1030(e)(2).

188.    As Defendant Custodia accessed Yahoo! and Paltalk knowingly and with an intend to defraud third parties by impersonating Plaintiff, Defendant Custodia accessed protected computers while exceeding the access to which he was authorized.

189.    By such conduct, Defendant Custodia furthered the intended fraud.

190.    Indeed, without access to the computers, he would not have been able to commit the fraudulent conduct.

191.    By creating an electronic account through which he purported to be Plaintiff and

by communicating with third parties while purporting to be Plaintiff, Defendant Custodia intended to defraud the third parties with whom he communicated.

192.    Defendant Custodia obtained something of value by his fraud.  He obtained personal information from third parties that he would not otherwise have obtained but for his fraudulent impersonation of Plaintiff.

193.    By engaging in the foregoing conduct, Defendant Custodia either recklessly caused or caused damage to Plaintiff.

194.    Defendant Custodia caused Plaintiff to suffer damages including, but not limited to, the loss of privacy.

195.    As a result of the foregoing conduct, Plaintiff has suffered losses aggregating in at least $5,000 in value during a one-year period.

196.    In particular, but not exclusively, the loss of Plaintiff's privacy, in addition to the loss in value of time Plaintiff has been forced to spend as a result of Defendant's conduct and the loss in the amount of attorney's fees and expenses paid, exceeds $5,000.00.

197.    Defendant Custodia's conduct may cause Plaintiff to suffer additional damages not yet realized.

198.    By engaging in the foregoing conduct, Defendant Custodia violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

199.    As a result of the foregoing conduct by Defendant Custodia, Plaintiff is entitled to economic damages pursuant to 18 U.S.C. § 1030(g).

200.    WHEREFORE, Plaintiff seeks recovery of economic damages pursuant to 18 U.S.C. § 1030(g).

## COUNT TEN

## AND AS FOR A TENTH CAUSE OF ACTION

### AGAINST DEFENDANT

## VIOLATION OF THE STORED COMMUNICATIONS ACT

### (18 U.S.C. § 2701 et seq.)

201.   The allegations in Paragraphs 1 through 89 above are incorporated by reference in this Tenth Count as if fully restated herein.

202.   Paltalk provides electronic communication services through its website www.paltalk.com.

203.   Paltalk, Inc. uses facilities to provide these services.

204.   Yahoo!, Inc. ("Yahoo!") provides electronic communication services through its website www.yahoo.com.

205.   Yahoo!, Inc. uses facilities to provide these services.

206.   Defendant Custodia created the "Silver_Girl xo" Paltalk account to impersonate Plaintiff.

207.   Defendant Custodia did, in fact, impersonate Plaintiff through the "Silver_Girl xo" Paltalk account.

208.   He also used the good4younowandlater@yahoo.com.Yahoo! account and email address in doing so.

209.   By creating and accessing the accounts through which he impersonated Plaintiff, Defendant Custodia intentionally exceeded his authorization to access the Paltalk and Yahoo! facilities and obtained access to electronic communications while they were in storage in the Yahoo! and Paltalk systems.

210.   By doing so, Defendant Custodia intentionally accessed the facilities of Paltalk and Yahoo! by exceeding his authorized access.

211.    By Defendant Custodia intentionally accessing the facilities of Paltalk and Yahoo! while exceeding his authorized access, Defendant Custodia obtained access to electronic communications stored within the Paltalk and Yahoo! systems.

212.    Defendant Custodia willfully and intentionally engaged in the foregoing conduct.

213.    Alternatively, if Defendant Custodia did not act willfully and intentionally, Defendant Custodia knowingly engaged in the foregoing conduct.

214.    As a direct and proximate result of the foregoing conduct of Defendant Custodia, Plaintiff has suffered and continues to suffer damages.

215.    Plaintiff has suffered and continues to suffer damages including, but not limited to, invasion of her privacy, embarrassment, harmed reputation, and the costs and expenses of pursuing his remedies.

216.    By engaging in the foregoing conduct, Defendant Custodia violated the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, et seq.

217.    WHEREFORE, Plaintiff seeks recovery of:

A.  Actual damages as provided for pursuant to 18 U.S.C. § 2707;

B.  Punitive damages pursuant to 18 U.S.C. § 2707; and

C.  Reasonable attorney's fees and costs reasonably incurred pursuant to 18 U.S.C. § 2707.

## COUNT ELEVEN

## AND AS FOR A ELEVENTH CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

### INJUNCTIVE RELIEF

218.    Plaintiff hereby incorporates by reference paragraphs 1 through 217 above in this Eleventh Count as though fully set forth herein.

219.    Plaintiff possesses a clearly ascertainable right or protectable interest that will suffer irreparable damage in the absence of injunctive relief.  Particularly, Plaintiff has an exclusive right to reproduce the Copyrighted Photograph and to distribute the Copyrighted Photograph to the public; the right and interest in protecting her reputation; the right and interest in keeping her private facts and personal images private; the right and interest in preventing any impersonation of her; and the right and interest to be free from malicious, harassing and stalking behavior from Defendants.

220.    Absent injunctive relief, Plaintiff's reputation will continue to be harmed unjustifiably.

221.    Absent injunctive relief, Defendant Goerlitz may keep posting the Private Photographs and Prurient Communications to the Internet without Plaintiff's authorization.

222.    Absent injunctive relief, Defendant Custodia may continue to impersonate Plaintiff, distribute photographs of her, and engage in other wrongful conduct.

223.    Mere compensation at law can only possibly provide Plaintiff with compensation for injuries up to the present and cannot compensate for the continued danger in which Defendants' actions may place Plaintiff's reputation and safety in the future.

224.    It remains difficult if not impossible to calculate the damages arising from Defendant Goerlitz's posting the Private Photographs and Prurient Communications to multiple sites on the Internet.  It becomes almost impossible to calculate the damages arising from Defendant Goerlitz's continued posting of the Private Photographs, Prurient Communications, and the harm to Plaintiff's reputation.

225.    It remains difficult if not impossible to calculate the damages arising from Defendant Custodia's impersonation of Plaintiff and the distribution of personal photographs of her.

226.    Plaintiff therefore has an inadequate remedy at law.

227.    WHEREFORE, Plaintiff seeks a preliminary and permanent injunction enjoining and/or compelling Defendants to do the following:

a.    As to Defendant Goerlitz, immediately remove and/or disable access, content, and viewing capabilities to the Offending Website on the Internet;

b.    As to Defendant Goerlitz, immediately cease and desist from any further conduct enabling the Private Photographs, Copyrighted Photograph, and Prurient Communications from being displayed, distributed, or accessed over the Internet;

c.    As to all Defendants, make all reasonable efforts to remove all cached information on any additional search engine sites and cooperate with third party efforts to do so;

d.    As to Defendant Goerlitz, notify Plaintiff immediately should Defendant discover any additional information relating to the Offending Website, Private Photographs, Copyrighted Photograph, or Prurient Communications;

e.      As to all Defendants, destroy all electronic copies of the Private Photographs and/or Copyrighted Photograph and/or any personal photographs of Plaintiff;

f.      As to all Defendants, delete all hard copies of the Private Photographs and/or Copyrighted Photograph and/or any personal photographs of Plaintiff;

g.      As to all Defendants, allow an expert to confirm the photographs have been destroyed;

h.      As to all Defendants, refrain from taking any photographs of Plaintiff;

i.      As to all Defendants, refrain from contacting Plaintiff's family members, sending letters or postcards to her home address, or contacting online message group users to contact Plaintiff;

j.      As to all Defendants, refrain from contacting Plaintiff, her friends, or family; and,

k.      As to all Defendants, refrain from impersonating Plaintiff.

## GENERAL

228.    Where conditions precedent are alleged, Plaintiff avers that all conditions precedent have been performed or have occurred.

229.    Plaintiff demands a jury trial.

230.    Where general compensatory damages have not been found, Plaintiff alternatively seeks nominal damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF JANE DOE accordingly and respectfully demands judgment against Defendants as follows:

1.    That JANE DOE be awarded general compensatory damages in an amount to be determined at trial;

2.    That JANE DOE be awarded statutory damages in an amount to be determined at trial;

3.    That JANE DOE be awarded punitive damages in an amount to be determined at trial;

4.    That JANE DOE be awarded her attorney's fees and costs in this action;

5.    That the Court enter judgment according to the injunctive relief sought; and,

6.    That JANE DOE be awarded any such other and all relief to which JANE DOE may be entitled as a matter of law and as deemed appropriate by this Court.

Dated: December 31, 2008

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues herein.


NAGEL RICE, LLP


By:  s/ Bruce H. Nagel
BRUCE H. NAGEL (BN 6765)

Dated: December 31, 2008


Charles Lee Mudd, Jr.
Mudd Law Offices
3114 West Irving Park Road, Suite 1W
Chicago, Illinois 60618
(773) 588-5410 Phone
(773) 588-5440 Fax
Illinois ARDC: 6275957
cmudd@muddlawoffices.com